UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CURTIS ALLEN DAVIS
    Reg. No. 09497-017

    Petitioner,

v.                                               Case No. 3:23cv3952/MCR/MAL

WARDEN M.V. JOSEPH,
FCI MARIANNA

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before me on a petition for writ of habeas corpus filed under 28 U.S.C. § 2241, the Warden's response, and Petitioner's reply. ECF Nos. 2, 7, 9. For the reasons discussed herein, the petition should be denied. Ground One no longer presents an active case or controversy and is therefore moot, and the claim raised in Ground Two seeks relief not available in a habeas action.

    I.    Background

In December of 2014, Petitioner Curtis Allen Davis was convicted in the Southern District of Florida Case 1:14cr20008-KMM of conspiracy to commit bank and wire fraud affecting a financial institution and two counts of bank fraud. ECF No. 7-2 at 37-43. In addition to his 240-month custodial sentence, the court ordered

Davis to pay restitution in the amount of $34,344,536.34. *Id.* at 42. This obligation was joint and several with six other co-defendants. *Id.* at 43.

Davis is currently incarcerated at the Federal Prison Camp (FPC) in Pensacola, Florida with a projected release date of August 13, 2030. *See* https://www.bop.gov/inmateloc/. In January of 2023, Davis, proceeding pro se, filed this habeas petition complaining about the BOP's administration of the Inmate Financial Responsibility Plan (IFRP). ECF No. 2. He raises two claims for relief. His first claim relates to a loss of benefits and privileges after he allegedly refused to participate in the IFRP, and the second claim alleges the BOP has failed to refund $50.00 taken from Davis's inmate account without his authorization.

II.   Discussion

A. Ground One

In his first ground for relief Davis complains that although the sentencing court's amended judgment set a $25.00 per quarter "minimum payment" during his incarceration, his case manager at FPC Pensacola attempted to set his restitution payment much higher, at $50.00 per month.[1] ECF No. 2 at 3. Davis asserts the case manager refused to correct the "error" and based on Davis's objection, placed him

---

[1] Although Davis indicates in his petition that the payment was "monthly," the $50.00 payment he refused to pay appears to have been quarterly, not monthly. *See* ECF No. 7-2 at 55 (proposed Inmate Financial Plan dated June 11, 2022 noting Davis's refusal). However, Davis alleges again in his reply that the $50.00 payment was to be monthly. *See* ECF No. 9 at 2.

in "IFRP refuse status." *Id.* As a result, Davis complains he was denied First Step Act (FSA) credits, pay and commissary benefits. *Id.* He seeks relief from his "refusal status" and removal of all sanctions resulting therefrom.

The Warden responded in opposition to the petition on April 17, 2023. ECF No. 7. The Warden concedes that Davis exhausted his administrative remedies as to Ground One, *see* ECF No. 7 at 7-8, but he asserts Davis's claim for relief is moot because in March of 2023 Davis signed an IFRP financial plan. Pursuant to this plan, Davis agreed to pay $25.00 per quarter towards his restitution beginning in June of 2023, and as a result Davis was removed from IFRP-refuse status. *See* ECF No. 7-1 at 3 (¶ 14), and ECF No. 7-2 at 51 (Att. 8-showing a change from "refuses" to "participates") and ECF No. 7-2 at 58 (Att. 10).[2]

In Davis's reply, filed in May of 2023, he insists the issue is not moot. He states that "[j]ust because the petitioner's Case Manager is adhering to the financial plan outlined in [his judgment] now does not mean she will not attempt to change

---

[2] On June 15, 2015, Davis signed an IFRP agreeing to pay $50.00 per month towards the $300.00 special monetary assessment in his criminal case, beginning in September of 2015. ECF No. 7-2 at 48. BOP records reflect he satisfied this obligation on October 20, 2015. *Id.* at 51 (showing a change from "participates" to "completed"). The Warden notes Davis's restitution was not accounted for between October of 2015 and June of 2022, after Davis's transfer to FPC Pensacola. The Warden speculates this may be because restitution was not part of the original judgment and the amended judgment was overlooked. ECF No. 7 at 11; *compare* ECF No. 7-2 at 34 (original criminal judgment deferring determination of restitution) with ECF No. 7-2 at 51 (ordering restitution and setting forth required minimum payments).

the plan in the future on a whim," thus tacitly admitting the lack of a current case or controversy. ECF No. 9 at 2. He notes that the only resources he has are derived from approximately $12.00 per month in inmate pay and funds gifted by family. Therefore, he states that anything above $25.00 per quarter is asking his family to pay the restitution. *Id.*

1. Jurisdiction

As an initial matter, the Court recognizes that challenges to the way the BOP administers the IFRP are properly brought under § 2241 as challenges to the administration of the restitution portion of a criminal judgment, i.e. the execution of an inmate's sentence, in the district of confinement. *See United States v. Kinsey*, 393 F. App'x 663, 664 (11th Cir. 2010); *Williams v. Pearson*, 197 F. App'x 872, 877 (11th Cir. 2006); *United States v. Gola*, 698 F. App'x 602, 604 (11th Cir. 2017); *see also United States v. Diggs*, 578 F.3d 318, 319 (5th Cir. 2009) (citing cases); *McGee v. Martinez*, 627 F.3d 933, 937 (3d Cir. 2010).

The IFRP is a voluntary program in which an inmate is not required to participate. *Austin v. United States*, 368 F. App'x. 53, 54 (11th Cir. 2010); *United States v. Taylor*, 620 F.3d 812, 816 (7th Cir. 2010) (finding error in judge directing inmate to participate in IFRP because "participation is voluntary"); *United States v. Hansen*, No. 2:22-cr-20-SPC-KCD, 2023 WL 3791474 (M.D. Fla. Jun. 1, 2023).

Non-participation in the IFRP is not punitive, but rather "ordinarily shall result" in the loss of privileges, as enumerated in 28 C.F.R. § 545.11(d). The loss of privileges can include limitations on inmate pay, priority work assignments, preferred housing and eligibility for community-based programs. *Id.* The benefits of the program are not constitutionally guaranteed. *See United States v. Warmus,* 151 F. App'x 783, 787 (11th Cir. 2005).

    2.  Mootness

It is a basic principle of Article III of the United States constitution that a justiciable case or controversy must remain "extant at all stages of review, not merely at the time the complaint is filed." *United States v. Juv. Male*, 564 U.S. 932, 936 (2011) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (internal quotation marks omitted)). "Throughout the litigation, the party seeking relief must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (citations and internal quotations omitted). An action is moot when it no longer can be characterized as an active case or controversy. *Adler v. Duval County School Bd.,* 112 F. 3d 1475, 1477 (11th Cir. 1997). The basic question a court must consider is whether, during the course of the litigation, "events have occurred that deprive this court of the ability to provide meaningful relief." *Health Freedom Def. Fund v.*

*President of United States*, 71 F.4th 888, 891 (11th Cir. 2023) (citing *Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022); *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (per curiam)). If a court renders a decision on a moot claim, it would be offering an impermissible advisory opinion. *Adler*, 112 F. 3d at 1477.

Clearly, the case or controversy originally presented, Davis's placement in "IFRP-refuse" status, has been rendered moot by his agreement to the IFRP plan he signed on March 21, 2023, and his subsequent removal from IFRP-refuse status. ECF No. 7-2 at 58.

The Eleventh Circuit recognizes two exceptions to mootness: the doctrines of "voluntary cessation" and "capable of repetition, yet evading review." *Health Freedom Def. Fund*, 71 F. 4th at 892. The former doctrine prevents a defendant from mooting a case and avoiding litigation simply by ceasing its conduct once a complaint is filed. *Id.* (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

The latter doctrine, "capable of repetition, yet evading review," applies only where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Health Freedom Def. Fund*, 71 F. 4th at 892-93 (quoting *Arcia v. Fla. Sec'y of State*, 772 F.3d 1335, 1343 (11th Cir. 2014) (citing *Davis v. FEC*, 554 U.S. 724, 735 (2008)); *see also Al Najjar*,

273 F.3d at 1336 (noting the exception is "narrow" and only applies in "exceptional situations"). The second prong of this test requires a "reasonable, non-speculative expectation that the allegedly unlawful action will happen again" involving substantially the same parties. *Health Freedom Def. Fund*, 71 F. 4th at 893 (citing *Arcia*, 772 F. 3d at 1343; *Bourgeois v. Peters*, 387 F. 3d 1303, 1309 (11th Cir. 2004); *Fed. Election Comm'n v. Wisc. Right to Life, Inc.*, 551 U.S. 449, 463 (2007)).

Davis offers only speculation that his financial plan might be changed in the future "on a whim." ECF No. 9. Such speculation is insufficient to establish the existence of a justiciable issue. Furthermore, the Court notes the language of Davis's judgment does not *limit* the quarterly payments to $25.00. Rather it identifies this as the *minimum* payment Davis must pay if he does not work in a UNICOR job. ECF No. 7-2 at 34. If he does work in a UNICOR job he would be required to pay 50% of his wages towards the restitution obligation. *Id.* The judgment is consistent with the language of 28 C.F.R. § 545.11(b), which requires inmates to pay a minimum of $25.00 per quarter and notes that the "minimum payment may exceed $25.00, taking into account the inmate's specific obligations, institution resources and community resources." 28 C.F.R. § 545.11(b)(1). Therefore, for some inmates, and possibly for Davis in the future, an IFRP of $50.00 (or more) per quarter may be appropriate. *See United States v. Gregory*, CR 122-029, 2023 WL 3687992, *1 (S.D. Ga. 2023)

(explaining how IFRP payments are calculated in accordance with BOP Program Statement 5380.08); *see* BOP Prog. Statement 5380.08 at 7-8.

Davis's original complaint is moot, and it would be inappropriate for this Court to enter an advisory opinion regarding the determination of Davis's IFRP payments at some future point in time. Ground One should be dismissed.

### B. Ground Two

In Ground Two, Davis claims the BOP took an additional $50.00 restitution payment from his account that he did not authorize, for which he seeks a refund. ECF No. 2 at 3.

The Warden contends no relief is warranted because money damages are not available under habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Nelson v. Campbell*, 541 U.S. 637, 646 (2004). Furthermore, return of the funds would not change the fact or duration of his imprisonment and a request for such relief is therefore not appropriate to raise in a § 2241 petition. *See Yaromisch v. Hufford,* No. 1:12-CV-2134, 2013 WL 1933019, at *1 (M.D. Pa. May 9, 2013) (noting § 2241 "is not an appropriate cause of action in which to seek reimbursement from the Bureau of Prisons for Past payments from the IFRP account"). Ground Two should be denied.

Accordingly, it is respectfully RECOMMENDED:

1. The petition under 28 U.S.C. § 2241, ECF No. 2, be DENIED because Ground One is moot and Ground Two requests relief not available in habeas.

2. The clerk be directed to close the file.

At Gainesville, Florida on February 21, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.